Richard S. Mandelson, Montana State Bar #4825
Holli L. Hartman, *admitted pro hac vice*
BAKER & HOSTETLER LLP
303 East 17th Avenue, Suite 1100
Denver, Colorado 80203
Phone:  (303) 861-0600
Fax:  (303) 861-7805
Email:  rmandelson@bakerlaw.com
          hhartman@bakerlaw.com
*Attorneys for Defendant PPL Montana, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PATRICK CAMPBELL, ) | |
| ) | |
| Plaintiff, ) | CV-10-23-BLG-RFC-CSO |
| ) | |
| v. ) | |
| ) | |
| PPL MONTANA, LLC, a Delaware ) | ANSWER TO FIRST |
| limited liability company, ) | AMENDED COMPLAINT |
| ABC Corporations, and ) | AND JURY DEMAND |
| JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Defendant PPL Montana, LLC ("PPLMT"), through undersigned counsel, submits this Answer to the First Amended Complaint and Jury Demand ("First Amended Complaint"):

1. PPLMT admits the allegations of Paragraph 1 of the First Amended Complaint.

2. PPLMT admits the allegations of Paragraph 2 of the First Amended Complaint.

3. PPLMT admits the allegations of Paragraph 3 of the First Amended Complaint.

4. In response to the allegations of Paragraph 4 of the First Amended Complaint, PPLMT affirmatively states that it operates four electric power generating plants in Colstrip, Montana, and has an "ownership" interest in a portion thereof, pursuant to a sale-leaseback agreement. PPLMT denies all other allegations in Paragraph 4 inconsistent herewith.

5. With respect to the allegations contained in Paragraph 5 of the First Amended Complaint, PPLMT affirmatively states that Plaintiff was hired September 25, 2006 as a labor relations specialist and that all relevant times he was a non-union employee. Plaintiff's title and position was changed to human resources specialist effective June 14, 2008. PPLMT denies all other allegations contained in Paragraph 5 inconsistent herewith.

6. PPLMT admits the allegations of Paragraph 6 of the First Amended Complaint.

7. In response to the allegations contained within Paragraph 7 of the First Amended Complaint, PPLMT affirmatively states that it paid four weeks' severance to Plaintiff and offered additional severance to Plaintiff in exchange for

Plaintiff's agreement to execute a "Separation Agreement and General Release," which waived any and all of Plaintiff's rights and claims against PPLMT. PPLMT admits that Plaintiff did not execute the "Separation Agreement and General Release." PPLMT denies all other allegations of Paragraph 7 inconsistent herewith.

8. PPLMT denies the allegations of Paragraph 8 of the First Amended Complaint.

9. In response to the allegations contained within Paragraph 9 of the First Amended Complaint, PPLMT affirmatively states that it posted an advertisement for a human resources generalist position in or about July 2009. PPLMT denies that the duties for the position were the same as those of Plaintiff at the time of his discharge. PPLMT denies all other allegations contained in Paragraph 9 inconsistent herewith.

10. PPLMT denies the allegations of Paragraph 10 of the First Amended Complaint. PPLMT affirmatively states venue is proper in the United State District Court, District of Montana, Billings Division, because the events giving rise to Plaintiff's allegations occurred in Rosebud County, Montana.

11. PPLMT denies the allegations of Paragraph 11 of the First Amended Complaint. PPLMT affirmatively states that, pursuant to 28 U.S.C. § 1332, jurisdiction is proper in the United States District Court, District of Montana,

because the Plaintiff and PPLMT are citizens of diverse states and the matter in controversy exceeds $75,000.

12. PPLMT denies the allegations of Paragraph 12 of the First Amended Complaint. PPLMT affirmatively states that the United States District Court, District of Montana, has personal jurisdiction over the parties.

## COUNT I
## Wrongful Discharge

13. PPLMT incorporates its responses to Paragraphs 1-12 as if fully set forth herein.

14. In response to the allegations stated in Paragraph 14 of the First Amended Complaint, PPLMT affirmatively states that in June 2009 PPLMT discharged Plaintiff from employment and told him that his position was being eliminated as part of its "Cost Reduction Initiative." PPLMT admits that it did not discharge Plaintiff for unsatisfactory job performance or any other reason. PPLMT denies all other allegations in Paragraph 14 inconsistent herewith.

15. PPLMT denies the allegations contained in Paragraph 15 of the First Amended Complaint.

16. In response to the allegations contained within Paragraph 16 of the First Amended Complaint, PPLMT affirmatively states that it posted an advertisement for a human resources generalist position in or about July 2009 but denies that the duties for the position were the same as those of Plaintiff at the time

of his discharge. PPLMT denies all other allegations contained in Paragraph 16 inconsistent herewith.

17. PPLMT denies the allegations contained in Paragraph 17 of the First Amended Complaint.

18. PPLMT denies the allegations contained in Paragraph 18 of the First Amended Complaint.

19. PPLMT denies the allegations contained in Paragraph 19 of the First Amended Complaint.

## COUNT II
## Actual Malice

20. PPLMT incorporates its responses to Paragraphs 1-19 as if fully set forth herein.

21. PPLMT denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22. PPLMT denies the allegations contained in Paragraph 22 of the First Amended Complaint.

23. PPLMT denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24. PPLMT denies the allegations contained in Paragraph 24 of the First Amended Complaint.

25. PPLMT denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26. PPLMT denies the allegations contained in Paragraph 26 of the First Amended Complaint.

## COUNT III
## Equal Protection and Due Process

27. PPLMT incorporates its responses to Paragraphs 1-26 as if fully set forth herein.

28. The allegations contained in Paragraph 28 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, PPLMT denies the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, PPLMT denies the allegations contained in Paragraph 29.

30. The allegations contained in Paragraph 30 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, PPLMT denies the allegations contained in Paragraph 30.

31. The allegations contained in Paragraph 31 of the First Amended Complaint state a legal conclusion to which no response is required.  To the extent a response is required, PPLMT admits the allegations contained in Paragraph 31.

32. The allegations contained in Paragraph 32 of the First Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, PPLMT denies the allegations contained in Paragraph 32.

33. The allegations contained in Paragraph 33 of the First Amended Complaint state a legal conclusion to which no response is required. To the extent a response is required, PPLMT denies the allegations contained in Paragraph 33.

34. PPLMT denies the allegations contained in Paragraph 34 of the First Amended Complaint.

35. PPLMT denies the allegations contained in Paragraph 35 of the First Amended Complaint.

36. PPLMT denies the allegations contained in Paragraph 36 of the First Amended Complaint.

## GENERAL DENIAL

37. The remainder of Plaintiff's Complaint is a Demand for Jury and Prayer for Relief to which PPLMT need not respond or, to the extent a response is required, denies.

38. PPLMT denies each and every allegation, express or implied, not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claims fail because PPLMT had a legitimate business reason for terminating Plaintiff's employment.

3. PPLMT's conduct has at all times been devoid of actual malice toward Plaintiff in that PPLMT has at all times acted in good faith in dealing with Plaintiff.

4. Plaintiff's claims are barred by the doctrines of estoppel, waiver, and/or release.

5. Plaintiff's damages, if any, were proximately caused solely by the Plaintiff and not by PPLMT.

6. Plaintiff has failed to mitigate his damages, if any.

7. Plaintiff is not entitled to punitive damages because he suffered no actual damages.

8. Any claim by Plaintiff for costs or fees related to this action are barred by PPLMT's offer to arbitrate this matter pursuant to Mont. Code Ann. §§ 39-2-914 & 915 (2009).

9. Plaintiff's claim for violation of the Equal Protection and Due Process Clauses of the U.S. Constitution and Montana Constitution fails because Mont. Code Ann. § 39-2-915 is rationally related to a legitimate government purpose.

10. Plaintiff's claim for violation of the Equal Protection and Due Process Clauses of the U.S. Constitution and Montana Constitution fails because Plaintiff has not been denied a fundamental right.

11. Plaintiff's claim for violation of the Equal Protection and Due Process Clauses of the U.S. Constitution and Montana Constitution fails because Mont. Code Ann. § 39-2-915 does not discriminate against parties who are similarly situated.

WHEREFORE, Defendant PPL Montana, LLC prays for the following relief:

A. That Plaintiff's claims be dismissed with prejudice and judgment entered in favor of PPLMT.

B. That PPLMT be awarded costs and attorneys' fees as may be authorized under either federal or Montana law.

C. For such other and further relief to which PPLMT may be entitled.

DATED this 23rd day of March, 2010.

/s/ Richard S. Mandelson
*Attorney for Defendant*
*PPL Montana, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of March, 2010, a copy of the foregoing document ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND was served on the following persons by CM/ECF:

Thomas J. Karem, Esq.
Thomas J. Karem, P.C. Attorneys and Counselors at Law
P.O. Box 682
Bozeman, MT 59771-0682
Thomas@karemlaw.com

>/s/ Richard S. Mandelson
>*Attorney for Defendant*
>*PPL Montana, LLC*