IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| PATRICK CAMPBELL,<br><br>  Plaintiff,<br><br>vs.<br><br>PPL MONTANA, LLC, a Delaware limited liability company, ABC CORPORATIONS, and JOHN DOES 1-10,<br><br>  Defendant. | CV 10-23-BLG-RFC-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Patrick Campbell ("Campbell") initially filed this action for wrongful discharge against PPL Montana, LLC ("PPL") in Montana's Sixteenth Judicial District Court. PPL removed the case to federal court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Currently pending before the Court is Campbell's Motion for Remand pursuant to 28 U.S.C. § 1447(c).

I.   BACKGROUND

Campbell filed his complaint in state court on February 3, 2010.

-1-

Court Doc. 1-1 at 1.[1]  PPL was served with the summons and complaint on February 13, 2010.  Court Doc. 1-3.  On February 26, 2010, PPL filed a motion to substitute the state judge presiding over the state court action.  Court Doc. 11-2.

PPL removed the action to federal court on March 3, 2010.  Court Doc. 1.  That same day PPL filed in the state court, by facsimile, a copy of the Notice of Removal.  PPL filed the original Notice of Removal with the state court on March 15, 2010.  See Court Doc. 1-7; Court Doc. 11-3.

On March 18, 2010, Campbell filed a motion for remand.  Court Doc. 10 at 2.

## II.   PARTIES' ARGUMENTS

Campbell argues that by filing a motion to substitute the state court judge, PPL waived its right to remove the case to federal court.  In addition, Campbell argues that PPL's removal was procedurally defective because PPL did not properly notify the state court of the removal.  As a result, Campbell contends that remand is appropriate.  Court Doc. 11 at 2-6.

---

[1] Plaintiff subsequently filed a First Amended Complaint and Jury Demand in the state court action on March 1, 2010.

In response, PPL argues that it did not unequivocally demonstrate an intent to waive its right to removal by filing the motion for substitution, and thus that it has not waived its right to remove. With respect to any procedural defects, PPL argues that the state court was properly notified via filing by facsimile of the Notice of Removal. Lastly, PPL contends that its removal was initially based on diversity jurisdiction, but the basis for removal has since been strengthened because Campbell's First Amended Complaint added a federal cause of action. Court Doc. 8. Consequently, PPL argues that this case should not be remanded. Court Doc. 13 at 6-10.

III.   DISCUSSION

An action may be removed to federal court if the federal court could have exercised original jurisdiction. 28 U.S.C. § 1441. "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." Hunter v. Philip Morris, USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citations omitted). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action

that is within the original jurisdiction of the district court." Id.  Here, the parties agree that this case is within the original jurisdiction of this Court.  Instead, the determinative issues are whether PPL has waived its right to remove by filing a motion to substitute the state court judge, and whether the removal process was defective.

    A.    Waiver

"[I]t is ... well established that a defendant 'may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.'" Acosta v. Direct Merchants Bank, 207 F. Supp. 2d 1129, 1131-32 (S.D. Cal. 2002) (quoting Resolution Trust Corporation v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1995).  Parties are not permitted to "experiment" on a case in state court, and then later remove.  State of Oregon v. Wright, 102 U.S. 177, 179 (1992).

In Acosta the Ninth Circuit held that the defendant waived its right to removal by filing a permissive cross-complaint because the defendant "was not compelled to file [a] Cross Complaint in order to reserve its rights or maintain the status quo." 207 F. Supp. 2d at 1133.

There, it was the defendant's adoption of an "offensive state court tactic" that evidenced an intent to reach the merits of the case in the state court. Id. at 1132. The defendant's filing was voluntary and unnecessary; it was not compelled to file a responsive pleading to avoid having judgment entered against it, or to preserve its rights. "By filing a Cross-Complaint the defendant became a plaintiff, and invoked the jurisdiction of the court, and thereby deprived itself of the right to remove. Id.; see also California Republican Party v. Mercier, 652 F. Supp. 928, 931 (C.D. Cal. 1986). But in general, "the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." Bayside, 43 F.3d at 1240.

The right to remove may be waived when a defendant takes "some substantial defensive action in the state court before petitioning for removal." Aqualon v. MAC Equip., Inc., 149 F.3d 262, 264 (4th Cir. 1998) (emphasis in original) (quoted in Acosta, 207 F. Supp.2d at 1131). But "merely filing a responsive pleading does not invoke the state court's jurisdiction so as to constitute a waiver of the right to remove." Acosta, 207 F. Supp. 2d at 1131. "A waiver of the removal right must be clear and unequivocal." Id. Waiver does not occur "when the

defendant's participation in the state action has not been substantial or was dictated by the rules of that court." Oster v. Standard Life Insurance Co., 2009 WL 1260174 at *1 (N.D. Cal. May 6, 2009) (citing Yesefzaheh v. Nelson, Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1246 (11th Cir. 2004) (filing of motion to dismiss in compliance with state rule did not constitute litigating on the merits and, therefore, did not waive defendant's right to removal)); see also Doijode v. Sears, Robuck and Company, 2006 WL 149007 (N.D. Cal. Jan. 18, 2006) (filing of general denial and affirmative defenses did not constitute waiver of defendant's right to removal); Kosen v. Ruffing, 2009 WL 56040 (S.D. Cal. Jan. 7, 2009) (defendant did not waive right to removal by filing answer and motion to strike); 14B Federal Practice & Procedure § 3721 (2003).

The Court concludes that PPL's motion for substitution is similar to the filing of a responsive pleading, or other compulsory filing, and, consequently, PPL has not waived its right to remove. § 3-1-804, MCA, permits each adverse party to file a motion for substitution of the assigned judge within 30 calendar days after the first summons is served or an adverse party has appeared. While it is true, as Campbell

argues, that substitution of a district court judge is automatic upon timely motion, the motion must be timely made or the right is forever lost. § 3-1-804(4). Thus, like a rule 12(b) motion to dismiss or a responsive pleading, the motion must be made within the allotted time or the corresponding right is lost. PPL filed its substitution motion to "preserve its rights... ." Acosta, 207 F. Supp. 2d at 1133. Thus, it has not demonstrated a "clear and unequivocal" waiver of the right of removal. PPL took necessary defensive action to avoid losing its statutory right to substitute the district court judge. Accordingly, remand is not appropriate on this basis.

B. <u>Procedural Defects</u>

The Court next turns to Campbell's argument that PPL failed to properly notify the state court of the removal notice as required by 28 U.S.C. § 1446(d). Campbell contends that because the notice was filed by facsimile, and PPL failed to file the original document within five business days as required by M. R. Civ. P. 5(e), the filing was ineffective under 28 U.S.C. § 1446(d).

28 U.S.C. § 1446 specifies the procedure for removal. According to the statute, after filing a notice of removal, the removing party must

"[p]romptly ... file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Here, PPL permissibly filed by facsimile a copy of the Notice of Removal on the same day that it filed its Notice of Removal in this Court.

> Mont. R. Civ. P. 5(e) provides in pertinent part:
>
> Papers may be filed by facsimile or other electronic means, provided the original document must be filed with the clerk within five business days of the receipt of the facsimile copy or the filing will be treated as void.

Because state rules govern filing in state court, and because PPL failed to file the original document within five business days of the facsimile, its March 3, 2010, filing is void. Nevertheless, PPL did later file the original document with the clerk of the state court on March 15, 2010. Therefore, the Court must determine if the March 15, 2010, filing was prompt under 28 U.S.C. § 1446(d).

Section 1446(d) does not define "promptly," but courts have determined that "promptly" does not mean simultaneously. <u>Delgado v. Bank of America</u>, 2009 WL 4163525 at *8 (E.D. Cal. Nov. 23, 2009). "Short delays in filing the notice of removal with the state court do not

necessarily warrant remand." Id. (filing notice in state court approximately 56 days after removal to federal court did not warrant remand); see, e.g., Shanks v. Northern California Cement Masons Joint Apprenticeship Training Comm., 1993 WL 150273 at *3 (no remand after a nearly two-month delay); Nixon v. Wheatley, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (22-day delay between removal and filing notice in state court held reasonably timely). "The Ninth Circuit has rejected the argument that the failure to timely notify a state court of removal requires remand." Tony & Danny Corp. v. North American Capacity Insurance Co., 2008 WL 3349074 at *4 (D. Hawaii Aug. 12, 2008). Furthermore, if the removal defect is cured within the thirty-day removal period, the defect will not be fatal to the removal. See Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Co. of America, 2005 WL 1653629 at *4 (D. Or. July 6, 2005).

    Campbell concedes that PPL filed a copy of the Notice of Removal with the state court clerk on March 15, 2010. That day was the final day of the thirty-day removal period. See F. R. Civ. P. 6. The twelve-day delay between PPL's filing of the Notice of Removal with this Court

and filing a copy of the Notice with the state court does not mandate remand. Twelve days is a short delay, and, moreover, PPL filed a copy of the Notice of Removal within the thirty-day removal period. The Court concludes that this filing was prompt, satisfying the requirements of 28 U.S.C. § 1446(d). Accordingly, remand is not warranted.

IV.  CONCLUSION

In light of the foregoing,

IT IS RECOMMENDED that Campbell's Motion for Remand (Court Doc. 10) be DENIED.

NOW, THEREFORE, IT IS FURTHER ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of U.S. Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after receipt hereof, or objection is waived.

DATED this 8th day of June, 2010.

/s/ Carolyn S. Ostby  
United States Magistrate Judge